# United States Court of Appeals
# for the Fifth Circuit

———————

No. 25-50643
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**

May 27, 2026

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

GABRIEL RAMOS-BERNHARD,

*Defendant—Appellant*.

———————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:24-CR-3011-1

———————————————

Before HIGGINBOTHAM, ENGELHARDT, and RAMIREZ, *Circuit Judges*.

PER CURIAM:[*]

Gabriel Ramos-Bernhard appeals the sentence imposed upon his conviction for illegal reentry into the United States, arguing that the sentencing enhancement in 8 U.S.C. § 1326(b) is unconstitutional. He concedes that this issue is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), and seeks to preserve the issue for possible further

———————————

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

review.  The Government moves for summary affirmance or, alternatively, for an extension of time in which to file a merits brief.  Ramos-Bernhard takes no position on the motion for summary affirmance.

The parties are correct that the argument is foreclosed and that summary affirmance is appropriate.  *See United States v. Pervis*, 937 F.3d 546, 553–54 (5th Cir. 2019); *see also Erlinger v. United States*, 602 U.S. 821, 838 (2024) (explaining that *Almendarez-Torres* "persists as a narrow exception permitting judges to find only the fact of a prior conviction" (internal quotation marks and citation omitted)); *see generally Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).  Accordingly, the Government's motion for summary affirmance is GRANTED, its alternative motion for an extension of time is DENIED, and the judgment is AFFIRMED.